| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| *versus* § | CASE NO. 1:16-CR-19(6) |
| § | |
| LAUREN LEIGH COURMIER § | |

**MEMORANDUM AND ORDER**

Pending before the court is Defendant Lauren Leigh Courmier's ("Courmier") *pro se* Motion for Early Termination of Supervised Release (#343), wherein she seeks early termination of her three-year term of supervised release. Courmier's supervising United States Probation and Pretrial Services ("Probation") officer in the Western District of Louisiana, Lake Charles Division, as well as her Probation officer in the Eastern District of Texas, Beaumont Division, are unopposed to the motion. The Government, however, is opposed to Courmier's request for early termination because the Assistant United States Attorney assigned to her case and his colleagues think that supervised release provides the best opportunity for her success in reentry. Having considered the motion, Probation's report, the Government's position, the record, and the applicable law, the court is of the opinion that Courmier's motion should be denied.

I.      Background

On April 6, 2016, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned a two-count First Superseding Indictment against Courmier, charging her and five codefendants in Count One with Conspiracy to Possess with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 846, and charging her individually in Count Two with Possession with Intent to Distribute a Controlled Substance (Methamphetamine), in violation of 21 U.S.C. § 841(a)(1). Pursuant to a written, nonbinding plea agreement, Courmier pleaded

guilty to the offense charged in Count One of the First Superseding Indictment before United States Magistrate Judge Zack Hawthorn on July 6, 2016, and United States District Judge Ron Clark accepted Courmier's guilty plea on July 30, 2016. On December 13, 2016, Judge Clark sentenced Courmier to a term of 93 months' imprisonment, followed by a three-year term of supervised release. Courmier began her term of supervised release on January 18, 2022, in the Western District of Louisiana, which is projected to expire on January 17, 2025.

In her motion, Courmier asks the court to terminate her supervision as of June 5, 2023. Courmier states that she has gained employment at the Golden Nugget where she has been promoted to a Team Lead in the Warehouse and Receiving Department and attends St. Joseph's Catholic Church where she is the financial secretary of a women's group. She further maintains that she successfully completed the special condition of release for testing and treatment for drug abuse at the Palmetto Addiction Recovery Center Lake Charles. Courmier indicates that she worked full-time for UNICOR while she was imprisoned, starting as a call center representative and later became the call center trainer for new hires. Prior to UNICOR, Courmier, who has a college degree, worked in Education teaching MS Office courses to fellow inmates. Courmier's supervising probation officer in the Western District of Louisiana confirmed that Courmier has complied with all conditions of her supervision.

II.  Analysis

Title 18, United States Code, Section 3583(e) authorizes a district court to terminate supervised release at any time after the expiration of one year if, after considering the factors set

forth in Section 3553(a),[1] "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *accord United States v. Johnson*, 529 U.S. 53, 59-60 (2000); *United States v. Peters*, 856 F. App'x 230, 233 (11th Cir. 2021); *Herndon v. Upton*, 985 F.3d 443, 446 n.5 (5th Cir.), *cert. denied*, 142 S. Ct. 82 (2021); *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020); *United States v. Cochran*, 815 F. App'x 361, 363 (11th Cir. 2020); *United States v. Davies*, 746 F. App'x 86, 88-89 (3d Cir. 2018), *cert. denied*, 139 S. Ct. 1275 (2019). "Early termination of supervised release is not an entitlement." *United States v. George*, 534 F. Supp. 3d 926, 927 (N.D. Ill. 2021). Instead, the defendant bears the burden of demonstrating that early termination is warranted. *Id.*; *United States v. Luna*, No. 1:95-cr-05036-AWI, 2018 WL 10156108, at *1 (E.D. Cal. Mar. 12, 2018), *aff'd*, 747 F. App'x 561 (9th Cir. 2018). Early termination "is not warranted as a matter of course." *United States v. Morris*, No. 3:99-cr-264-17 (VAB), 2022 WL 3703201, at *3 (D. Conn. Aug. 26, 2022). "To the contrary, it is only 'occasionally' justified." *United States v. Shellef*, No. 03-CR-0723 (JFB), 2018 WL 3199249, at *1 (E.D.N.Y. Jan. 9, 2018) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).

Although Probation does not oppose early termination, this fact, standing alone, is insufficient to justify granting Courmier's request for early termination of supervised release. *See*,

---

[1] Section 3553(a) directs courts to consider: the nature and circumstances of the offense and the defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to deter criminal conduct; the need to protect the public; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable Sentencing Commission guidelines and policy statements; any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to the victim. 18 U.S.C. § 3553(a).

*e.g.*, *United States v. Boyd*, 606 F. App'x 953, 960 (11th Cir. 2015) ("Just as a federal prosecutor or probation officer cannot dictate a district court's sentence, they likewise do not call the shots concerning a court's decision whether to terminate early a term of supervised release. A criminal sentence is the court's sentence, not the prosecutor's and not the probation officer's."); *United States v. Lynn*, No. S90-00053(P), 2022 WL 2446328, at *3 (S.D. Miss. May 31, 2022) (finding that although the Government and probation did not oppose early termination, that fact, standing alone, was insufficient to justify granting the defendant's request for early termination of supervised release); *United States v. Hartman*, No. 3:00-cr-228, 2013 WL 524257, at *1 (N.D. Tex. Jan. 18, 2013) (denying defendant's request for early termination of supervised release despite the Government's recommendation that it be granted), *adopted by* 2013 WL 540490 (N.D. Tex. Feb. 13, 2013); *United States v. Grimaldi*, 482 F. Supp. 2d 248, 249 (D. Conn. 2007) (denying early termination even though the defendant's probation officer supported it).

District courts enjoy considerable discretion in determining when the interest of justice warrants early termination. *United States v. Tacker*, 672 F. App'x 470, 471 (5th Cir. 2017); *United States v. Jeanes*, 150 F.3d 483, 484-85 (5th Cir. 1998); *Lynn*, 2022 WL 2446328, at *3; *see Melvin*, 978 F.3d at 52. Compliance with the terms of supervised release and with the law alone is not enough to merit early termination; such conduct is expected and required. *United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018) ("[M]ere compliance with the terms of supervised release is expected, and without more, insufficient to justify early termination."); *Lynn*, 2022 WL 2446328, at *4 (although the defendant adhered to the conditions of his release, a balancing of the 18 U.S.C. § 3553(a) factors did not support early termination, noting that the defendant "engaged in constant serious criminal behavior when he was given chances before");

4

*United States v. Sandles*, No. 11-CR-204-PP, 2021 WL 3080995, at *3 (E.D. Wis. July 21, 2021) ("[C]ourts have held 'that the conduct of the defendant necessary to justify early termination should include more than simply following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination.'" (quoting *United States v. O'Hara*, No. 00-cr-170, 2011 WL 4356322, *3 (E.D. Wis. Sept. 16, 2011))); *United States v. Boudreaux*, No. 2:19-CR-00377-01, 2020 WL 7635708, at *1 (W.D. La. Dec. 22, 2020); *United States v. Pittman*, No. 3:15-CR-221-O(1), 2020 WL 6564724, at *2 (N.D. Tex. Nov. 9, 2020) (finding that the conduct of the defendant did not warrant early termination of supervised release, as the defendant sought relief based on his circumstances and the alleged conduct of others) (citing 18 U.S.C. § 3583(e)(1)); *United States v. Guidry*, No. 3:19-CR-332-S, 2020 WL 908542, at *1 (N.D. Tex. Feb. 13, 2020), *adopted by* No. 3:19-CR-0332-S, 2020 WL 906303 (N.D. Tex. Feb. 25, 2020); *see United States v. Berger*, No. CR 09-308, 2021 WL 2354517, at *5 (W.D. Pa. June 9, 2021) ("Compliance with the conditions of supervision, including refraining from engaging in criminal conduct and paying restitution, however, is required behavior while serving a term of supervised release."). As courts have observed, "if every defendant who complied with the terms of supervised release were entitled to early termination, 'the exception would swallow the rule.'" *United States v. Kassim*, No. 15 Cr. 554-3 (KPF), 2020 WL 2614760, at *2 (S.D.N.Y. May 22, 2020) (citing *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998)).

While the court need not find extraordinary, compelling, or changed circumstances to justify an early termination of supervised release, this does not mean that such circumstances are irrelevant to ruling on a motion under § 3583(e)(1). *United States v. Ferriero*, No. 13-0592 (ES), 2020 WL 6701469, at *2 (D.N.J. Nov. 13, 2020) (citing *Melvin*, 978 F.3d at 53); *accord United*

5

*States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016). This is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, pursuant to 18 U.S.C. § 3553(a), it would be expected that something has changed that would justify an early end to a term of supervised release. *Melvin*, 978 F.3d at 53; *United States v. Jackson*, No. 11-55, 2022 WL 2789870, at *2 (W.D. Pa. July 15, 2022); *United States v. Santoro*, No. 21-76 (MAS), 2022 WL 37471, at *2 (D.N.J. Jan. 4, 2022); *Ferriero*, 2020 WL 6701469, at *2. In other words, extraordinary circumstances may be sufficient to justify early termination of a term of supervised release, but they are not necessary for such a termination. *Melvin*, 978 F.3d at 53; *United States v. McClamma*, 676 F. App'x 944, 947 (11th Cir. 2017) ("New or unforeseen circumstances can justify a modification, but such circumstances are not necessary."); *Parisi*, 821 F.3d at 347 (recognizing that "changed circumstances may in some instances justify a modification" of a term of supervision). Nonetheless, "'generally, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Melvin*, 978 F.3d at 53 (quoting *Davies*, 746 F. App'x at 89).

Here, the court finds that Courmier's post-release conduct does not warrant early termination of her supervised release. Although Courmier provides the court with a list of several commendable achievements, she identifies no new or exceptional circumstances or needs. In addition to her being convicted of a drug-trafficking offense in the case at bar, her Presentence Investigation Report ("PSR") reveals that she has a long history of substance abuse, which includes the daily use of powder cocaine and methamphetamine and the occasional use of Ecstasy up to the time of her arrest. Further, according to her PSR, Courmier gambled on a weekly basis, typically spending about $200 per week, making the Golden Nugget, a casino, a questionable

choice as an appropriate place of employment while she is on supervised release. Courmier has been serving her term of supervised release for about 18 months. While Courmier's success to date should be commended, continuing her on supervision would provide her the best opportunity for success in reentry, as the Government points out.

Courmier's offense of conviction entails her participation in a methamphetamine-trafficking conspiracy from September 2015 to February 2016 as well as her possession of almost an ounce of methamphetamine in her purse during a traffic stop in March 2016. Courmier was a supplier of methamphetamine who provided large quantities of methamphetamine (actual) to a family-run drug trafficking organization as well as to others in southeast Texas. On November 16, 2015, law enforcement effected a traffic stop on her vehicle. As the deputy approached the driver's side of the vehicle, he observed Courmier attempting to place a clear plastic bag containing methamphetamine into her purse. She was removed from the vehicle and placed under arrest. In her purse, officers discovered a clear plastic bag of methamphetamine, an orange plastic bag containing methamphetamine, and another clear plastic bag containing cocaine. Officers also recovered drug paraphernalia, including scales and re-sealable plastic bags. When Courmier was asked if she was in possession of any more methamphetamine, she stated that she had "about seven" on her person. A female officer removed about 9 ounces of methamphetamine from her person. Courmier provided officers with a Mirandized statement admitting that the methamphetamine belonged to her and that part of the methamphetamine seized was to be delivered to Codefendant Brandon Martin. She stated that she purchased the methamphetamine in Houston and that she would travel there three or four times per week to obtain methamphetamine. Courmier further admitted that she had supplied Martin with about 3 or 4

ounces of methamphetamine per week for the past year, as well as supplying other methamphetamine users and distributors in the area. The substances seized from Courmier's vehicle and person were determined by laboratory analysis to consist of 3.7 grams of cocaine hydrochloride and 256.1 grams of 92.9% pure methamphetamine for a total of 237.9 grams of methamphetamine "actual." On March 8, 2016, Courmier was arrested during a traffic stop while traveling westbound on Interstate 10 in which she admitted that she had almost 1 ounce of methamphetamine in her purse. Laboratory analysis determined that the substance was 23.7 grams of 79% pure methamphetamine for a total of 18.7 grams of methamphetamine "actual."

Generally, early termination of supervised release is not granted unless there are significant medical concerns, substantial limitations on employment, or extraordinary post-release accomplishments that would warrant such a release. Courmier does not identify any such circumstances in her motion and is instead seeking early termination of her supervision simply for complying with the conditions imposed by the court. She also claims that earned time credits that were not previously accorded her should apply to reduce her term of supervised release, citing *Dyer v. Fulgam*, No. 1:21-cv-299-CLC, 2022 WL 1598249 (E.D. Tenn. May 20, 2022). The *Dyer* opinion, however, is not binding on this court and is currently on appeal. Courmier's role as a primary supplier of methamphetamine to members of a drug trafficking conspiracy as well as others is concerning and warrants further scrutiny to assure that she no longer poses a danger to the community. Moreover, Courmier has a long history of poly- substance abuse and although she has remained compliant with her drug treatment program to date, she would likely benefit from continued supervision in view of her extensive involvement with a local drug trafficking organization and other distributors of methamphetamine as well as her own struggle with drug use

8

and addiction. Thus, under these circumstances, Courmier would likely benefit from continued supervision.

Therefore, although Courmier appears to be on the right track, the court believes that completion of her full term of supervised release appropriately reflects the seriousness of her offense, deters future criminal conduct, and provides needed structure for her continued rehabilitation. *See Lynn*, 2022 WL 2446328, at *4 (holding that the serious nature of the defendant's crimes and his history and characteristics significantly outweighed his actions after his release from prison). The court, likewise, is of the opinion that Courmier's current sentence, including the three-year term of supervised release, was appropriate at the time of sentencing and remains so. *See United States v. Lewis*, No. 17-CR-28-FPG, 2021 WL 4519795, at *3 (W.D.N.Y. Oct. 4, 2021). Given the nature of her offense, the quantity of methamphetamine involved, and her history of substance abuse, the court is of the opinion that early termination of supervised release would not be in the interest of justice.

III.    Conclusion

In accordance with the foregoing, Courmier's *pro se* Motion for Early Termination of Supervised Release (#343) is DENIED.

**Signed this date**
**Aug 22, 2023**

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE